United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-20656
Summary Calendar

JACKIE SANDERS,

Plaintiff-Appellant,

versus

EXXON MOBIL CORPORATION, ET AL

Defendants,

EXXON MOBIL CORPORATION; DENNIS HERLONG; LAW OFFICES OF
SCOTT NEWAR; SCOTT NEWAR; LAW OFFICES OF DENNIS HERLONG

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-01952)

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jackie Sanders appeals the grant of summary judgment by the district court and argues that

she was not afforded a full and fair opportunity to argue her case. For the following reasons, we

---

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sanders sued her former attorneys, Dennis Herlong, and Scott Newar, each of whom represented her at different times during litigation against her former employer, Exxon. She alleges that her attorneys conspired with the company to see that her lawsuit would not succeed. Sanders also sued Exxon on claims related to her first suit and its alleged conspiracy with Herlong and Newar. On January 20, 2005, the district court granted Herlong, Newar, and Exxon's motions for summary judgment on all claims. Sanders appeals.

## II. STANDARD OF REVIEW

This Court reviews grants of summary judgment de novo, applying the same standard as the district court. *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court views the evidence in the light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex,* 477 U.S. at 322.

This court reviews a district court's denial of leave to amend a complaint for abuse of

discretion. *Avatar Exploration Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

### III.  DISCUSSION

There is insufficient evidence in the record that Exxon bribed any of Sanders' attorneys or participated in a conspiracy to end her lawsuit. Additionally, there is no evidence that Sanders' lawyers committed legal malpractice. There is also scant evidence to support Sanders' multiple claims against Exxon. The district court adopted the thirty-three page report and recommendation of the Magistrate Judge which thoroughly discussed and rejected Sanders' claims.  Sanders also does not challenge the legal conclusion that her claims against Exxon are barred by res judicata and/or collateral estoppel. Accordingly, viewing the evidence in the light most favorable to Sanders, we agree with the district court and hold that no reasonable trier of fact could have returned a verdict in her favor.

We also hold that the district court did not abuse its discretion when it denied Sanders' second and third motions for leave to amend her complaint. "In exercising its discretion, the district court may consider a variety of factors: undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Considering the types of claims involved here, applicable defenses, and the already well-developed record and extensive discovery, it was well within the sound discretion of the district court to prevent Sanders from asserting new theories.

We also note the district court's warnings to Sanders regarding the frivolous nature of these claims and further warn that the continued filing of any actions, complaints, motions or appeals in this matter may result in sanctions.

3

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.

AFFIRMED